IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PETE MCCOTRY, JR.                                                                                        PLAINTIFF

v.                         Civil No. 5:22-cv-05118

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Pete McCotry, Jr. ("McCotry"), currently an inmate of the Benton County Detention Center ("BCDC"), filed this *pro se* action under 42 U.S.C. § 1983. McCotry proceeds *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

According to the allegations of the Complaint (ECF No. 1), the BCDC uses a kiosk system for inmate communication. *Id.* at 4. McCotry says the privacy policy on the kiosk states: "Your message has been sent. Please remember that not all message[s] are delivered immediately and are subject to review." *Id.* McCotry alleges this provides him with no expectation of privacy. *Id.* As a result, every communication he sends, including those to his lawyer, are seen by the third-party kiosk operator. *Id.*

In response to grievances, McCotry has been advised by detention center staff that the staff

cannot "see what I write on the[re]." (ECF No. 1 at 4). Despite this, McCotry points out that the language of the privacy policy explicitly grants the BCDC the right to review all communications. *Id.*

As relief, McCotry asks that he be granted immediate relief "[b]ecause this is unfair." (ECF No. 1 at 5). He also requests an award of compensatory damages in an unspecified amount paid on a daily basis during his incarceration at the BCDC. *Id.*

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Construing the Complaint liberally as the Court must, it can be read to be asserting claims under the First, Fourth, and Sixth Amendments. The First Amendment protects the right of free speech. U.S. Const. amend I. "Prisoners' First Amendment rights may be circumscribed if

legitimate penological objectives outweigh preservation of their rights." *Davis v. Norris,* 249 F.3d 800, 801 (8th Cir. 2001). Jail security is a legitimate penological objective to justify limitations on the First Amendment rights of inmates. *Smith v. Delo,* 995 F.2d 827, 830 (8th Cir. 1993). "In the prison context, we have concluded that the extent of inmates' First Amendment right to communicate with the outside world is a fact-intensive universe." *Beaulieu v. Ludeman,* 690 F.3d 1017, 1039 (8th Cir. 2012)(cleaned up). McCotry makes no claim that his incoming or outgoing communications via the kiosk were censored. *Procunier v. Martinez*, 416 U.S. 396 (1974).

If there was a chilling effect on McCotry's communications, it was by virtue of the fact that communications via the kiosk were "subject to review." *Laird v. Tatum,* 408 U.S. 1, 11 (1972)("constitutional violations may arise from the deterrent, or chilling, effect of governmental [actions] that fall short of a direct prohibition against the exercise of First Amendment rights"). The screening of such communications to ensure McCotry was not engaging in criminal activity does not violate the First Amendment. *Gassler v. Wood,* 14 F3d 406, 410 (8th Cir. 1994)(no First Amendment violation where prison monitored and forwarded prisoner correspondence to law enforcement official). McCotry has not alleged that the review of kiosk entries has in any way inhibited his ability to confer with his counsel. Moreover, McCotry has alternative means of communicating by telephone, postal mail, and in-person visits, with his attorney, friends, and family. No plausible First Amendment claim has been stated.

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[A] prison inmate has a far lower expectation of privacy than do most other individuals in our society." *LeVine v. Roebuck,* 550 F.3d 684, 687 (8th Cir.

2008). "To establish a violation of the rights under the Fourth Amendment, a person must have a constitutionally protected reasonable expectation of privacy in the area searched or the item seized." *United States v. Sesay,* 937 F.3d 1146, 1151 (8th Cir. 2019). Inmates have no reasonable expectation of privacy when they are aware of the existence of a monitoring program and choose to utilize that method of communication anyway. *United States v. Eggleston,* 165 F.3d 624, 626 (8th Cir. 1999); *see also United States v. Friedman,* 300 F.3d 111, 123 (2nd Cir. 2002)(no legitimate expectation of privacy where inmate notified of monitoring of telephone calls). "Implied consent will be found where automated warnings inform the inmate that [the communication will be monitored] and inmate is aware of the monitoring program" and still uses that method of communication. *See e.g., Barnes v. Holder,* Civil No. 1:14cv0003, 2014 WL 1478440, *3 (E.D. Mo. Apr. 15, 2014).

McCotry has alleged that he was notified the kiosk communications are subject to review. He argues this gives him no expectation of privacy in the communications. He is correct in this argument but not in the assumption that the monitoring violates the Constitution. No plausible Fourth Amendment claim is stated when there is no expectation of privacy.

Under the Sixth Amendment, "an accused does not enjoy the effective aid of counsel if he is denied the right of private consultation with him." *Mastrian v. McNamus,* 554 F.2d 813, 821 (8th Cir. 1977)(cleaned up). The mere monitoring of accused's conversations with his attorney does not necessarily establish a Sixth Amendment violation. *Id.* The accused must also show that the substance of the monitored conversation was of some benefit to the prosecution, *Mastrian,* 554 F.2d at 821. McCotry makes no such allegation. In fact, he alleges detention center staff indicated they could not view the substance of such communications. No plausible Sixth Amendment claim has been stated. Further as mentioned above, McCotry does not allege

he was prohibited from conferring with his attorney via the telephone, postal mail, or in-person visits.

### IV. CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of July 2022.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE